THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

FRANCISCO J. CARRILLO,

                    Petitioner,

   v.

UNITED STATES OF AMERICA,

                  Respondent.

CASE NO. C22-0990-JCC

ORDER

10
11
12
13
14
15
16

This matter comes before the Court on Petitioner Francisco Javier Carrillo's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkt. No. 1). Having thoroughly considered the motion, the Government's answer, the relevant record, and finding no dispute of fact and therefore no evidentiary hearing necessary, the Court hereby DENIES the motion.

17
18
19

Mr. Carrillo was indicted in 2019 on drug distribution and conspiracy charges. *See United States of America v. Villasenor et. al.*, CR20-0137-JCC, Dkt. No. 1 (W.D. Wash. 2020) ("CR20"). He made his initial appearance in September 2020, where attorney Gilbert Levy, a former public defender with considerable work experience, was appointed to represent him. (*Id.* at 67.)  Several months later, Mr. Carrillo fired Mr. Levy, and retained the services of two private defense attorneys, Jonathan Lewis and Troy Lee. (*Id.* at 277.) Prior to retaining Messrs. Lewis and Lee, Mr. Carrillo received a plea offer from the government. (Dkt. No. 18 at 6.) Mr. Carrillo received advice from all three attorneys on whether he should accept the Government's plea

20
21
22
23
24
25
26

deal, and they all arrived at the same conclusion: that it would be unwise for Mr. Carrillo not to accept the offer. (*Id*.) Nonetheless, his new attorneys told him they would be more than happy to take the case to trial if he so wishes. (*Id*.) After weighing his options, Mr. Carrillo chose to plead guilty to conspiracy to distribute methamphetamine, heroin, and fentanyl. (CR20 Dkt. No. 261.) The Court subsequently accepted his plea, and determined that his Guideline range was 57–71 months, and imposed a sentence of 30 months in prison, along with the mandatory-minimum three years of supervised release. (CR20 Dkt. Nos. 266, 321.)

Mr. Carrillo now brings this § 2255 motion on the grounds that he was provided ineffective assistance of counsel. (Dkt. No. 1.) A prisoner in federal custody who believes his sentence violates the Constitution or federal law may petition the sentencing court to vacate the conviction or set aside the sentence. 28 U.S.C. § 2255(a). To prevail on his ineffective assistance of counsel claim, Mr. Carrillo must prove that his sentencing attorney's performance was deficient and that his attorney's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is "objectively unreasonable" when "in light of all the circumstances, [his] acts or omissions [are] outside the wide range of professionally competent assistance." *Id.* at 690. To establish prejudice, Mr. Carrillo must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the [sentencing] proceeding would have been different." *Id.* at 694. "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id. at* 690.

Mr. Carrillo's § 2255 motion does not "allege specific facts which, if true, would entitle him to relief." *U.S. v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004). It is clear from the fact record that Mr. Carrillo was actively engaged in the plea negotiation process, that he was fully informed of his rights before choosing to plead guilty, and that he was provided diligent and competent representation. (Dkt. No. 18 at 6–9.) Mr. Carrillo fails to allege facts showing that counsels' performance fell below an objective standard of reasonableness and that he suffered actual

prejudice. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003). Mr. Carrillo's petition is filled with conclusory allegations that are contradicted by the transcripts and trial records.  (Dkt. No. 18 at 18-22.) Moreover, an evidentiary hearing is not necessary because the files and records of the case conclusively show that Mr. Carrillo is not entitled to relief. 28 U.S.C. § 2255; *see United States v. Jackson*, 209 F.3d 1103, 1106 (9th Cir. 2000) ("Mere conclusory allegations do not warrant an evidentiary hearing.")

When issuing a final order denying relief under Section 2255, the Court must determine whether to issue a certificate of appealability. The Court may issue a certificate of appealability only if the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In other words, the movant must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, no reasonable jurist could conclude that Mr. Carrillo was prejudiced by his attorneys' performances, therefore, he is not entitled to a certificate of appealability.

For the foregoing reasons, the Court DENIES Mr. Carrillo's motion to vacate, set aside, or correct his sentence, and DIRECTS the Clerk to close this case.

DATED this 28th day of March 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE